

SUNNYVALE OCA          Fax              Aug 28 2007 11:22am P002/023

1   DAVID B. KAHN, City Attorney (98128)
2   KATHRYN A. BERRY, Senior Assistant City Attorney (99325)
    REBECCA L. MOON, Assistant City Attorney (167981)
3   ROBERT L. BOCO, Assistant City Attorney (197032)
    CITY OF SUNNYVALE
4   OFFICE OF THE CITY ATTORNEY
    456 West Olive Ave.
5   Sunnyvale, CA 94086
    (408) 730-7464 (voice)
6   (408) 730-7468 (fax)

7   Attorneys for Defendant
    SUNNYVALE DEPARTMENT OF PUBLIC SAFETY

**Filed**

**E-FILING**

AUG 2 8 2007   tsh

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

8

9              UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

11

12   JAMES ALAN BUSH,                    ) Case No.:
                                         )
13              Plaintiff,               )
                                         )
14      vs.                              )   NOTICE OF REMOVAL OF SANTA
                                         )   CLARA COUNTY SUPERIOR COURT
15   LONG CAO a.k.a. KEVIN CAO, KATHY    )   ACTION NO. 1-07-CV-087923 UNDER 28
     BICKEL, SUNNYVALE DEPARTMENT OF     )   U.S.C. 1441(B) [Federal Question];
16   PUBLIC SAFETY, SHERIFF'S OFFICE OF  )   DEMAND FOR JURY TRIAL
     SANTA CLARA COUNTY, OPAL            )
17   SCHMEDEL, JONATHAN PAUL             )           BY FAX
     HARRINGTON, DANIEL ANTHONY          )
18   NAPOLITAN, ROBERT BRADFORD,         )
     GREGORY PAUL HERLIHY, AUGUSTINE     )
19   WILLARD NEWMOON, ADOBE WELLS,       )
     DALE FERGUSON, CONNIE FERGUSON,     )
20   ORIGEN FINANCIAL, ROBERT            )
     ROBLEDO, SUZIE DOE 1, TODD SU,      )
21   ADVANTAGE HOMES, SYLVANA            )
     HEALY AND STEVE DOE NO. 2,          )
22   RICHARD DAVIS SCHREIBER, ALPERT &   )
     BARR, and DOES 3 to 100,            )
23                                       )
                                         )
24              Defendants.              )
                                         )
25

C07 04460 JF PVT

-1-

NOTICE OF REMOVAL OF ACTION

10739654.tif - 8/28/2007 11:34:25 AM

10739674.tif - 8/28/2007 4:21:22 PM

TO THE CLERK OF THE NORTHERN DISTRICT UNITED STATES DISTRICT COURT:   PLEASE TAKE NOTICE THAT DEFENDANT SUNNYVALE DEPARTMENT OF PUBLIC SAFETY HEREBY REMOVES TO THIS COURT THE STATE COURT ACTION DESCRIBED BELOW:

1.       On June 15, 2007, Action Number 1-07-CV-087923 was commenced in the Santa Clara County Court captioned "Long Cao A.K.A. Kevin Cao, Kathy Bickel, Sunnyvale Department Of Public Safety, Sheriff's Office Of Santa Clara County, Opal Schmedel, Jonathan Paul Harrington, Daniel Anthony Napolitan, Robert Bradford, Gregory Paul Herlihy, Augustine Willard Newmoon, Adobe Wells, Dale Ferguson, Connie Ferguson, Origen Financial, Robert Robledo, Suzie Doe 1, Todd Su, Advantage Homes, Sylvana Healy and Steve Doe No. 2, Richard Davis Schreiber, Alpert & Barr, and Does 3 to 100." A true copy of plaintiff's complaint is attached hereto as Exhibit "A".

2.       The first date upon which the Defendant Sunnyvale Department of Public Safety was served with the summons and complaint was August 2, 2007.

3.       This action is a civil action of which the Federal  Court has original jurisdiction under 28 U.S.C §1331 and is one  which may be removed to this Court by defendants pursuant to 28 U.S.C. §1441(b) in that plaintiff pro se claims that the defendants conspired to violate his "civil rights."

4.       Defendant is informed and believes that plaintiff's complaint arises out of various interactions he has had with the defendant SUNNYVALE DEPARTMENT OF PUBLIC SAFETY and that he alleges that the defendant's conduct violated his constitutional rights under the Fourteenth Amendment.

-2-

5.     Defendant is not certain which defendants have been served other than TODD SU, ADOBE WELLS, and SANTA CLARA COUNTY. Efforts to contact plaintiff to confirm service have been unsuccessful.   Efforts to contact defendant KATHY BICKEL have also been unsuccessful. Defendant has no information to contact the other defendants. Defendant is filing this notice of removal in order to preserve its right to do so before the time expires because plaintiff has five lawsuits currently pending in the U.S. District Court for the Northern District of California involving many of the same defendants and arising out of the same series of events (see Notice of Related Cases filed herewith). The attorneys for TODD SU and the COUNTY OF SANTA CLARA have agreed to the removal. ADOBE WELLS does not yet have counsel appointed but it is not anticipated they will object.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial in this action.

Dated: August 27, 2007                    CITY OF SUNNYVALE

                                          By: _____
                                              Rebecca L. Moon
                                              Assistant City Attorney

-3-

NOTICE OF REMOVAL OF ACTION

EXHIBIT "A"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
(see attached list)

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

2007 JUN 15  P 4: 01

Della Bellot

</td></tr>
</table>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
James Alan Bush

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, Northern District, San Jose Division
191 North First Street
San Jose, CA 95114

CASE NUMBER:
*(Número del Caso):* 107CV087923

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Alan Bush
3859 De La Cruz Boulevard
Santa Clara, CA 95054  (317) 489-9262

DATE:          JUN 1 5 2007        Kiri Torre                      Clerk, by _____ Della Bellot _____ , Deputy
*(Fecha)*                          Executive Officer/Clerk                    *(Secretario)*                                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Long Cao aka Kevin Cao, Kathy Bickel, Sunnyvale Department of Public

Safety, Sheriff's Office of Santa Clara County, Opal Schmedel, Jonathan

Paul Harrington, Daniel Anthony Napolitan, Robert Bradford, Gregory Paul

Herlihy, Augustine Willard NewMoon, Adobe Wells, Dale Ferguson, Connie

Ferguson, Origen Financial, Robert Robledo, Suzie Doe 1, Todd Su,

Advantage Homes, Sylvana Healy and Steve Doe 2, Richard Davis Schreiber,

Alpert & Barr, and Does 3 to 100

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

# CAUSE OF ACTION—Fraud

_____
(number)

ATTACHMENT TO   [✔] Complaint   [  ] Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

FR- 1. Plaintiff (_name_):  James Alan Bush

alleges that defendant (_name_):  Kathy Ann Bickel

on or about (_date_): August 23rd, 2006          defrauded plaintiff as follows:

FR-2. [  ]   **Intentional or Negligent Misrepresentation**
a. Defendant made representations of material fact   [  ] as stated in Attachment FR-2.a   [  ] as follows:

b. These representations were in fact false. The truth was   [  ] as stated in Attachment FR-2.b   [  ] as follows:

c. When defendant made the representations,
  [  ] defendant knew they were false, **or**
  [  ] defendant had no reasonable ground for believing the representations were true.

d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [✔]   **Concealment**
a. Defendant concealed or suppressed material facts   [  ] as stated in Attachment FR-3.a   [  ] as follows:

b. Defendant concealed or suppressed material facts
  [  ] defendant was bound to disclose.
  [✔] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page _____ 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION—Fraud

Page 1 of 2
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|

_____     **CAUSE OF ACTION—Fraud**
(number)

FR-4. ☐ **Promise Without Intent to Perform**
    a. Defendant made a promise about a material matter without any intention of performing it ☐ as stated
       in Attachment FR-4.a ☐ as follows:

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce
       plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of
       defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☐ as stated in Attachment FR-5
    ☐ as follows:

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☐ as stated in
    Attachment FR- 6 ☐ as follows:

FIR - 7. Other:

Page ___2___

1   James Alan Bush
    3859 De La Cruz Boulevard
2   Santa Clara, CA 95054
    (317) 489-9262
3
    Plaintiff and Attorney in pro per
4

5

6                   UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8                        SAN JOSE DIVISION

9

10

11  James Alan Bush                   )  CASE NO.: _____
                                      )
12  Plaintiff                         )  COMPLAINT
                                      )
13       v.                           )  DEMAND FOR A JURY TRIAL
                                      )
14  Long Cao aka Kevin Cao, Kathy Bickel, ) CIVIL CONSPIRACY, UNLAWFUL
    Sunnyvale Department of Public    )  INTERCEPTION, DISCLOSURE, OR USE OF
15  Safety, Sheriff's Office of Santa )  COMMUNICATION BY A NONGOVERNMENTAL
    Clara County, Opal Schmedel, Jonathan ) DEFENDANT, ABUSE OF PROCESS, STALKING
16  Paul Harrington, Daniel Anthony   )  AND HARASSMENT, TORTIOUS INTERFERENCE
    Napolitan, Robert Bradford, Gregory ) WITH BUSINESS RELATIONSHIP AND
17  Paul Herlihy, Augustine Willard   )  CONTRACT, FRAUDULENT
    NewMoon, Adobe Wells, Dale Ferguson, ) MISREPRESENTATION AND CONCEALMENT,
18  Connie Ferguson, Origen Financial, )  CONSPIRACY TO VIOLATE PLAINTIFF'S
    Robert Robledo, Suzie Doe 1, Todd Su, ) CIVIL RIGHTS
19  Advantage Homes, Sylvana Healy and )
    Steve Doe 2, Richard Davis Schreiber, )
20  Alpert & Barr, and Does 3 to 100  )
                                      )
21  Defendants                        )  Judge: _____

22

23                            PARTIES

24  1.    Plaintiff is an individual residing at 3859 De La Cruz Boulevard, City

25        of Santa Clara, County of Santa Clara, State of California.

26  2.    Defendant, Sunnyvale Department of Public Safety, is an agency of the

27        United States government, operating from 700 All America Way, City of

28        Sunnyvale, County of Santa Clara, State of California.

                                    1

3.  Defendant, Sheriff's Office of Santa Clara County, is an agency of the United States government, operating from 55 Younger Avenue, City of San Jose, County of Santa Clara, State of California.

4.  Defendant, Jonathan Paul Harrington, is an individual residing at 270 Wright Avenue, City of Morgan Hill, County of Santa Clara, State of California.

5.  Defendant, Suzie Doe 1, is an employee of the Santa Clara County Probation Department, operating from 2314 North First Street, City of San Jose, County of Santa Clara, State of California.

6.  Defendant, Gregory Paul Herlihy, is an individual residing at 1471 McDaniel Avenue, City of San Jose, County of Santa Clara, State of California.

7.  Defendant, Augustine Willard NewMoon, is an individual with no known address, but was known to reside at 1471 McDaniel Avenue, City of San Jose, County of Santa Clara, State of California.

8.  Defendant, Long Cao, also known as Kevin Cao, is an individual residing at 3859 De La Cruz Boulevard, City of Santa Clara, County of Santa Clara, State of California.

9.  Defendant, Kathy Ann Bickel, is an individual residing at 1256 Blakely Drive, City of Greenwood, County of Johnson, and State of Indiana.

10.  Defendant, Opal Jean Schmedel, is an individual residing at 3243 Oak Tree Drive South, City of Indianapolis, County of Marion, and State of Indiana.

11.  Defendants, Dale and Connie Ferguson, acting as agents of Defendant Adobe Wells, conducted business at 1220 Tasman Drive, City of Sunnyvale, County of Santa Clara, State of California.

2

12. Defendants, Sylvana Healy and Steve Doe 2, acting as agents of Defendant, Advantage Homes, conducts business at 2890 Monterrey Road, City of San Jose, County of Santa Clara, State of California.

13. Defendant, Alpert & Barr, conducting business at 6345 Balboa Boulevard, Suite 203, City of Encino, County of Los Angeles, State of California.

14. Defendant, Origen Financial, conducting business at The American Center, 27777 Franklin Road, Suite 1700, City of Southfield, County of Oakland, State of Michigan.

15. Defendant, Todd Su, acting as agent for Realty World - Golden State, conducting business at 275 Tully Road #A, City of San Jose, County of Santa Clara, State of California.

16. It is not yet known the whereabouts of the remaining defendants at this time.

### JURISDICTION

This court has jurisdiction over this complaint because several of the complaints arise under the Constitution and law of the United States.

### VENUE

Venue is appropriate in this court because the majority of defendant's reside in this district, and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

### INTRADISTRICT ASSIGNMENT

This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Santa Clara County.

### FACTS

Under California law:

- a person is guilty of conspiracy with another person or persons to commit a crime if the person agrees with such other person or persons that they

3

or one or more of them will engage in conduct that constitutes a crime or an attempt or solicitation to commit a crime, or if the person agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

- a person is guilty of bribery, a felony of the third degree, if he or she offers, confers, or agrees to confer upon another any pecuniary benefit as consideration for he decision, opinion, recommendation, vote, or other exercise of discretion as a public servant by the recipient.

- a person is guilt of bribery, a felony of the third degree, if he or she offers, confers, or agrees to confer upon another any benefit as consideration for a violation of a known legal duty as a public servant.

- a person commits an offense if he applies or dispose of property that has been entrusted to him or her as a fiduciary or property of a financial institution in a manner that he or she knows is unlawful and involves substantial risk of loss or detriment to the owner of the property or to a person for whose benefit the property was entrusted.

In any case of conspiracy set forth pursuant to 42 U.S.C. § 1985, if one of more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, i.e., defamation, or deprived of having and exercising any right or privilege of a citizen of the United States, i.e., the right to vote, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

### COUNT I. CIVIL CONSPIRACY

Between June, 2006 and September, 2006, Defendants, Kathy Bickel, Opal Schmedel, Long Cao, Todd Su, Dale and Connie Ferguson (Adobe Wells), Origen Financial, Alpert & Barr, Steve Doe and Sylvana Healy (Advantage Homes) and

4

1   Richard Schreiber and the Sunnyvale Department of Public Safety and the

2   Sheriff's Office of Santa Clara County, entered into an agreement to commit

3   wrongful acts upon Plaintiff and that the agreement between the Defendants was

4   clearly implied by the conduct of both parties.

5       Defendant, Sunnyvale Department of Public Safety and the Sheriff's Office of

6   Santa Clara County, carried out the agreement within the actual or ostensible

7   authority of its agent and their actions were carried out in and during the

8   course of the employment by its' officers.

9       The result of the agreement between the Defendants deprived Plaintiff of his

10  home and the proceeds from the sale of his home.

11                  **COUNT II. FALSE LIGHT INVASION OF PRIVACY**

12      All Defendants made defamatory and slanderous statements regarding the

13  Plaintiff's conduct and deeds. Among the numerous reckless, malicious, and

14  unsubstantiated falsehoods contained therein were:

15  • that plaintiff engaged in sexual misconduct with a minor and, by nature,

16      was a pedophile;

17  • that plaintiff sold and trafficked illegal narcotics from his residence;

18  • that plaintiff used of hypodermic needles to inject illegal substances

19      and disposed of them in a reckless and negligent manner and, therefore,

20      presented a lethal risk to the community at large (in particular, to

21      children) as a combined consequence of his HIV status and actions;

22  • that plaintiff committed criminal acts comparable to those he filed

23      complaints against with Defendant, Sunnyvale Department of Public Safety;

24  • that plaintiff was complicit in and party to the criminal misdeeds that

25      were actually committed against him and that he willfully associated with

26      the perpetrators of crimes against him, and, therefore, was not a victim

27      of crime; and,

28

1   • that plaintiff's negligent decisions and poor judgment led to frequent

2       victimization, when, in fact, requests for help, reprieve and rescue made

3       to multiple law enforcement agencies, community groups and members of his

4       social support network were denied or, in some cases, intercepted by law

5       enforcement and private citizens acting in their employ.

6   Defendants' statements were made with knowledge that such statements were

7   false and/or with reckless disregard for the truth of the same, and defendants

8   acted with malice and wanton disregard of the rights of the Plaintiff.

9   Defendants knew at all relevant times that all of the false and defamatory

10  statements, suggestions, misstatements, innuendos, insinuations, and inferences

11  were false.

12  Defendants maliciously and recklessly made the aforementioned statements,

13  suggestions, misstatements, innuendos, insinuations, and inferences with

14  outrageous and reckless disregard for the truth.

15  Defendants' false statements and the implications of those statements

16  concerning Plaintiff are slanderous per se.

17  Slander is not a protected speech under the First Amendment.

18  Defendants have irresponsibly injured plaintiff's good name and professional

19  reputation.

20              **COUNT III. STALKING AND HARASSMENT**

21  Defendants, Jonathan Paul Harrington, Robert Bradford, Daniel Anthony

22  Napolitan, and Augustine Willard NewMoon, Gregory Paul Herlihy, and the

23  Sunnyvale Department of Public Safety, initiated and continued contact with

24  Plaintiff without the plaintiff's consent and in disregard of his expressed

25  desire that contact be avoided or discontinued.

26  The aforementioned defendants willfully, repeatedly and continually harassed

27  Plaintiff to intentionally cause him to feel terrorized, frightened,

28

6

intimidated, threatened and harassed, which actually caused him to feel
terrorized, frightened, intimidated, threatened and harassed.

The aforementioned defendants willfully, maliciously, and repeatedly
followed and harassed the Plaintiff with the intent to place him in reasonable
fear of death or great bodily injury.

The aforementioned defendants knowingly and willfully directed their course
of conduct towards the Plaintiff in such a way as to seriously alarm, annoy,
and harass the Plaintiff, which served no legitimate purpose.

Defendant's conduct caused the Plaintiff to suffer substantial emotional
distress.

Defendant's pattern of conduct is composed of a series of acts over one and
a half years, evidencing a continuity of purpose.

Defendant's conduct was intentional, as was their ability to carry out
threats of violence were apparent and credible, resulting in Plaintiff's
reasonable fear for his safety.

### COUNT IV. ABUSE OF PROCESS

Defendants, Sunnyvale Department of Public Safety and the Sheriff's Office
of Santa Clara County, intentionally misused both the civil and criminal legal
process for an ulterior purpose (than that for which it was designed) resulting
in economic and damage to Plaintiff's reputation; specifically, the defendants
deprived the plaintiff of his and the proceeds of its sale by:

- making slanderous statements described in Count II of this complaint;
- coercing or compelling the other defendants in this complaint to
  participate in a scheme designed to deprive the plaintiff of his home
  and the proceeds from the sale of him home based on those statements;
  and,
- justifying a legal basis based on those slanderous statements.

7

## COUNT V. UNLAWFUL INTERCEPTION, DISCLOSURE, OR USE OF COMMUNICATION BY A
### NONGOVERNMENTAL DEFENDANT

Defendants, Gregory Paul Herlihy, Augustine Willard NewMoon, Suzie Doe, and Robert Robledo, unlawfully intercepted phone and email communications between Defendants, Origen Financial, Alpert & Barr, Adobe Wells and Advantage Homes, and Plaintiff, with the intent of surreptitiously acquiring privileged and confidential information for the purpose of interfering with Plaintiff's ability to conduct business with the aforementioned defendants.

Defendants, Gregory Paul Herlihy and Augustine Willard NewMoon, disclosed the substance of the intercepted communications between attorney and client to Defendants, Sunnyvale Department of Public Safety and the Sheriff's Office of Santa Clara County to prejudice and jeopardize the Plaintiff's ability to recover proceeds from the sale of his home.

Defendants, Sunnyvale Department of Public Safety, Gregory Paul Herlihy, Suzie Doe, Robert Robledo, and Augustine Willard NewMoon, disclosed the substance of communications between Plaintiff and third parties to Defendants, Santa Clara County Sheriff's Office, Santa Clara Police Department and San Jose Police Department, which was used to stalk and harass the Plaintiff and sabotage business relationships and contracts.

All defendants named herein intentionally interfered with and obstructed Plaintiff's ability to conduct business by the above-described conduct.

The Defendant's intentional interference upon the Plaintiff's ability to conduct business was offensive and objectionable to the Plaintiff and would be offensive or objectionable to a reasonable person.

All defendants herein intercepted phone and email communications without the Plaintiff's knowledge or consent and without the knowledge or consent of any of the third parties with whom the Plaintiff spoke, for the purpose of committing a criminal or tortious at in violation of Federal or State law.

Plaintiff is entitled to relief for the Defendant's tortious interference upon the Plaintiff's ability to communicate with the defendants named herein.

### COUNT VI. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR CONTRACT

On or about July 15th, 2006, Plaintiff commenced a business relationship with a third parties, Alpert & Barr and Origen Financial, which contemplated the execution of a home sale, whereby Plaintiff had a reasonable expectation of economic gain from the sale of Plaintiff's home.

On or about August 15th, 2006, during the time Plaintiff was negotiating with the third parties, Alpert & Barr and Origen Financial, in connection with the business relationship described above, Defendants, Sunnyvale Department of Public Safety, Santa Clara County Sheriff's Office, Kathy Bickel, Richard Schreiber, Opal Schmedel and Long Cao, began a course of conduct that was intended to disrupt Plaintiff's relationship with the third parties, and which in fact did disrupt that relationship accordingly:

- Defendants, Sunnyvale Department of Public Safety, publicized slanderous statements (described in Count X of this complaint) to Defendants, Dale and Connie Ferguson, who, at that time, were acting as agents of Defendants Adobe Wells, causing Adobe Wells and its' agents to rescind a verbal agreement to extend the lease payment due date; as a result, the lease between Adobe Wells and the Plaintiff was terminated, whereas Plaintiff had a reasonable expectation that the lease could be salvaged and maintained.

- Defendants, Dale and Connie Ferguson, publicized the above-described slanderous statements made by Defendants, Sunnyvale Department of Public Safety, to Defendants, Origen Financial; as a result, a verbal agreement, which was also indicated by the conduct of said defendant, rescinded an offer to accommodate Plaintiff's reduced income and alleviate the burden of financial hardship.

9

- Defendant, Santa Clara County Sheriff's Office, employed individuals to impersonate agents of Alpert & Barr, Origen Financial and herein unnamed third-parties, and intentionally misrepresented and omitted relevant and pertinent information related to the sale of Plaintiff's home; as a result, Plaintiff suffered loss of home ownership and was defrauded of sale proceeds.

- Defendants, Daniel Anthony Napolitan, Robert Bradford, Jonathan Paul Harrington and Long Cao, wrongfully stated to Defendant, Advantage Homes, that Plaintiff's home was not available for sale, when, in fact, the Plaintiff's home was for sale; as a result, they prevented the sale of Plaintiff's home in a timely manner, causing the repossession of said home by Defendant, Origen Financial.

- Defendants, Daniel Anthony Napolitan, Robert Bradford, Jonathan Paul Harrington, removed the "For Sale" sign from the Plaintiff's home.

- Defendants, Steve and Advantage Homes, unlawfully delisted Plaintiff's home from the market in the absence of consent or knowledge of Plaintiff and wrongfully severed the sales contract with Plaintiff based on misrepresentations made by unauthorized agents; namely, Defendants, Daniel Anthony Napolitan, Robert Bradford, Jonathan Paul Harrington and Long Cao.

- Defendants, Dale and Connie Ferguson and Adobe Wells, violated a written contract with Plaintiff by refusing to interview prospective home buyers for residency in the Adobe Wells Mobile Community, which prevented the purchase of Plaintiff's home, whereas Plaintiff had a reasonable expectation that his home would be purchased, based on the approval of a home loan for potential buyers.

- Defendants, Kathy Ann Bickel, Opal Jean Schmedel and Long Thang Cao, intercepted and concealed correspondence related to the repossession

and sale of Plaintiff's home, whereas the Plaintiff was the intended
recipient; the actions of the defendants impaired the Plaintiff's
ability to make timely and informed decisions related to the sale of
his home, resulting in the loss of sale proceeds.

- Defendant, Kathy Bickel, disclosed Plaintiff's medical, legal and
  other personal information to negatively and unduly influence the
  conduct and performance of other defendants named herein;

- Defendant, Augustine Willard NewMoon, impersonated the voice of
  Plaintiff to intercept the exchange of privileged and confidential
  information between third-parties names as defendants in this
  complaint;

- Defendant, Suzie Doe, Robert Robledo, falsely impersonated a customer
  service representative of Origen Financial and other business with
  which the Plaintiff had contact, and provided Plaintiff with false and
  misleading information regarding the repossession and sale of
  Plaintiff's home.

- Defendants, Sunnyvale Department of Public Safety, made defamatory and
  slanderous statements about the Plaintiff and portrayed him in a false
  light with malice and wanton disregard of his rights with the intent
  of persuading the defendants named in this complaint to participate in
  the fraudulent acts described in this complaint.

In engaging in the conduct described above, Defendant intended to impair or
destroy Plaintiff's business relationship with the third party, Alpert & Barr
and Origen Financial, thereby destroying Plaintiff's expectancy of economic
gain. Defendant engaged in interfering conduct with malice toward Plaintiff and
a desire to injure Plaintiff's rights. Defendant's conduct was improper,
unlawful and unfair, in that it prevented contact between the Plaintiff and the
third parties.

11

The conduct engaged in by Defendant and described above was the proximate cause of the loss or impairment of Plaintiff's business relationship with the third parties, Alpert & Barr and Origen Financial, which resulted in the Plaintiff's loss of the expectancy of economic gain by fraudulent concealment of facts material to the timely execution of contractual clauses formed between the Plaintiff and third parties, Alpert & Barr and Origen Financial.

As a result of the impairment or loss of Plaintiff's business relationship with the third parties, Alpert & Barr and Origen Financial, Plaintiff suffered loss of the economic expectancy arising from the relationship, including damages in the form of loss of expected income from sale of home, and amounting to at least $26,000.

Defendant was not justified or privileged to engage in the conduct described above, which resulted in the impairment or loss of Plaintiff's business relationship with the third parties, Alpert & Barr and Origen Financial.

WHEREFORE, Plaintiff respectfully prays judgment against Defendant and requests that the court grant relief as follows:

1. Compensatory damages for the value of the business opportunity or expectancy that was lost as a result of the Defendant's tortious and improper interference, the amount of which is $125,000.

2. Any other relief to which Plaintiff may be properly and justly entitled, including punitive and additional compensatory damages.

### COUNT VII. FRAUDULENT MISREPRESENTATION AND CONCEALMENT

Defendants, Kathy Bickel, Opal Schmedel and Long Cao, by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts, knowing that they were false and fraudulent when made, knowingly and with intent defrauded Plaintiff of:

- proceeds from the sale of Plaintiff's home
- ownership of Plaintiff's home

12

Defendants, Kathy Bickel, Richard Davis Schreiber, Opal Jean Schmedel and Long Cao, made knowingly false and reckless statements to Defendant, Santa Clara County Sheriff's Office, which caused the unlawful declaration of health and safety code violations, resulting in the seizure of Plaintiff's home by Defendant, Santa Clara County Sheriff's Office; specifically, the aforementioned defendants claimed that Plaintiff:

1.    trafficked and sold illegal narcotics from his home and allowed such activity by others;

2.    used hypodermic needles to ingest illegal narcotics in his home; and,

3.    frequently allowed numerous transients to use hypodermic needles to ingest illegal narcotics in his home

Defendants, Santa Clara County Sheriff's Office, unlawfully and without due process guaranteed by State and County law, declared Plaintiff's home in violation of health and safety codes based on false statements made by the defendants contained above.

Defendants, Santa Clara County Sheriff's Office, based on false statements made by Defendants, Kathy Bickel, Richard Davis Schreiber, Opal Jean Schmedel and Long Cao, described in this count, conducted an illegal seizure of the Plaintiff's home with knowledge that the statements made by the defendants were false.

Defendants, Alpert & Barr and Origen Financial, unlawfully conducted the sale of Plaintiff's home by failing to notify Plaintiff of intent to sale by drafting and delivering correspondence to the Plaintiff as prescribed by law, which governs said correspondence; specifically, the defendant failed to:

• deliver the notification of intent to sale Plaintiff's home within the time frame required by law;

• describe the dimensions of the property accurately, as required by law; and,

13

- make a reasonable effort to ensure that Plaintiff received notice of intent to sale as prescribed by law.

Defendants, Alpert & Barr and Origen Financial, failed to make a reasonable effort to notify the Plaintiff of the sale of his home, which resulted in Plaintiff's loss of economic proceeds.

Defendants, Kathy Bickel, Opal Jean Schmedel and Long Cao, did intentionally and with malice conceal documents, which were addressed to the Plaintiff and sent by Defendants, Alpert & Barr, Origen Financial, Adobe Wells, and the Santa Clara County Sheriff's office related to the repossession and sale of Plaintiff's home, causing the Plaintiff to be defrauded as described above.

Plaintiff suffered the loss of ownership of and economic proceeds from the sale of his home, whereas, the Plaintiff had a reasonable expectancy of continued home ownership and economic proceeds from the sale of the home, and, due to the conduct and actions of the aforementioned defendants described above, Plaintiff did lose ownership of and proceeds from the sale of his home.

### COUNT VIII. CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

All defendants named in this complaint acted in a manner, positively and tacitly, and reached a mutual understanding to try to accomplish a common and unlawful plan to deprive the Plaintiff of economic advantage of which he is entitled and to irreparably damage his social and professional reputation. ACCORDINGLY, Plaintiff demands a trial by jury and judgment from the Court as follows:

- Find in favor of Plaintiff against defendants and award compensatory damages in excess of $2,000,000 and punitive damages.

- Order defendants' to pay an award of attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. §988(b).

- Order any other relief deemed reasonable and appropriate by the Court.

14

1    Dated: _____           Signed: _____

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15