DAVID E. KAHN, City Attorney (98128)
KATHRYN A. BERRY, Senior Assistant City Attorney (99325)
REBECCA L. MOON, Assistant City Attorney (167981)
ROBERT L. BOCO, Assistant City Attorney (197032)
CITY OF SUNNYVALE
OFFICE OF THE CITY ATTORNEY
456 West Olive Ave.
Sunnyvale, CA 94086
(408) 730-7464 (voice)
(408) 730-7468 (fax)

Attorneys for Defendant
SUNNYVALE DEPARTMENT OF PUBLIC SAFETY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| JAMES ALAN BUSH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LONG CAO, et. al.,<br><br>　　　　Defendants. | Case No.: 5:07-CV-04460-JF<br><br>**ANSWER TO COMPLAINT BY CITY OF SUNNYVALE AND SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, SUED AS SUNNYVALE DEPARTMENT OF PUBLIC SAFETY**<br><br>DEMAND FOR JURY TRIAL |

Defendant CITY OF SUNNYVALE and the SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, sued as SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, demands a jury trial in the above captioned matter and answers the complaint filed by plaintiff in the above captioned matter as follows:

**ANSWER TO ALLEGATIONS ENTITLED "PARTIES"**

1.　　Answering paragraph 1, defendant has no information or belief concerning the plaintiff's residency, and on this ground, denies each and every allegation therein.

-1-

2. Answering paragraph 2, defendant denies that Sunnyvale Department of Public Safety is an agency of the United States government. Defendant admits that Sunnyvale Department of Public Safety operates from 700 All America Way, City of Sunnyvale, California.

3. Answering paragraph 3, defendant admits on information and belief.

4. Answering paragraph 4, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

5. Answering paragraph 5, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

6. Answering paragraph 6, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

7. Answering paragraph 7, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

8. Answering paragraph 8, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

9. Answering paragraph 9, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

10. Answering paragraph 10, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

11. Answering paragraph 11, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

12. Answering paragraph 12, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

**ANSWER TO ALLEGATIONS ENTITLED "JURISDICTION"**

13. Answering the unnumbered paragraph on page 3, lines 15-16 of the Complaint, defendant admits this Court has subject matter jurisdiction over plaintiff's claims.

ANSWER BY DEFENDANT SUNNYVALE                                   Case No.: 5:07-CV-04460-JF
DEPARTMENT OF PUBLIC SAFETY

**ANSWER TO ALLEGATIONS ENTITLED "VENUE"**

14.     Answering the unnumbered paragraph on page 3, lines 18-20 of the Complaint, defendant admits that the acts alleged in plaintiff's complaint occurred within this judicial district.

**ANSWER TO ALLEGATIONS ENTITLED "INTRADISTRICT ASSIGNMENT"**

15.     Answering the unnumbered paragraph on page 3, lines 22-24 of the Complaint, defendant admits that the acts alleged in plaintiff's complaint occurred within Santa Clara County.

**ANSWER TO ALLEGATIONS ENTITLED "FACTS"**

16.     Answering the unnumbered paragraph on page 3, line 27 through page 4, line 4 of the Complaint, defendant neither admits nor denies the statements of law contained therein.

17.     Answering the unnumbered paragraph on page 4, lines 4-8 of the Complaint, defendant neither admits nor denies the statements of law contained therein.

18.     Answering the unnumbered paragraph on page 4, lines 9-11 of the Complaint, defendant neither admits nor denies the statements of law contained therein.

19.     Answering the unnumbered paragraph on page 4, lines 12-16 of the Complaint, defendant neither admits nor denies the statements of law contained therein.

20.     Answering the unnumbered paragraph on page 4, lines 17-24 of the Complaint, defendant neither admits nor denies the statements of law contained therein.

**ANSWER TO ALLEGATIONS ENTITLED "COUNT 1: CIVIL CONSPIRACY"**

21.     Answering the unnumbered paragraph on page 4, line 26 through page 5, line 4 of the Complaint, defendant denies each and every allegation therein.

22.     Answering the unnumbered paragraph on page 5, lines 5-8 of the Complaint, defendant denies each and every allegation therein.

23. Answering the unnumbered paragraph on page 5, lines 9-10 of the Complaint, defendant denies each and every allegation therein.

**ANSWER TO ALLEGATIONS ENTITLED "COUNT II: FALSE LIGHT INVASION OF PRIVACY"**

24. Answering the unnumbered paragraph on page 5, line 12, through page 6, line 5 of the Complaint, defendant denies making any defamatory, slanderous, reckless, malicious, and/or unsubstantiated falsehoods concerning plaintiff and further denies on ground of lack of information and belief.

25. Answering the unnumbered paragraph on page 6, lines 6-8 of the Complaint, defendant denies each and every allegation therein.

26. Answering the unnumbered paragraph on page 6, lines 9-11 of the Complaint, defendant denies each and every allegation therein.

27. Answering the unnumbered paragraph on page 6, lines 12-24 of the Complaint, defendant denies each and every allegation therein.

28. Answering the unnumbered paragraph on page 6, lines 15-16 of the Complaint, defendant denies each and every allegation therein.

29. Answering the unnumbered paragraph on page 6, line 17 of the Complaint, defendant neither admits nor denies the statement of law therein.

30. Answering the unnumbered paragraph on page 6, lines 18-19 of the Complaint, defendant denies each and every allegation therein.

**ANSWER TO ALLEGATIONS ENTITLED "COUNT III: STALKING AND HARASSMENT"**

31. Answering the unnumbered paragraph on page 6, lines 21-25 of the Complaint, defendant denies each and every allegation therein and further denies on ground of lack of information and belief with regard to conduct of other defendants to this action.

32. Answering the unnumbered paragraph on page 6, line 26, through page 7, line 2, of the Complaint, defendant denies each and every allegation therein and further denies on ground of lack of information and belief with regard to conduct of other defendants to this action.

33. Answering the unnumbered paragraph on page 7, lines 3-5 of the Complaint, defendant denies each and every allegation therein and further denies on ground of lack of information and belief with regard to conduct of other defendants to this action.

34. Answering the unnumbered paragraph on page 7, lines 6-8 of the Complaint, defendant denies each and every allegation therein and further denies on ground of lack of information and belief with regard to conduct of other defendants to this action.

35. Answering the unnumbered paragraph on page 7, lines 9-10 of the Complaint, defendant denies each and every allegation therein.

36. Answering the unnumbered paragraph on page 7, lines 11-12 of the Complaint, defendant denies each and every allegation therein.

37. Answering the unnumbered paragraph on page 7, lines 13-15 of the Complaint, defendant denies each and every allegation therein and further denies on ground of lack of information and belief with regard to conduct of other defendants to this action.

**ANSWER TO ALLEGATIONS ENTITLED "COUNT IV: ABUSE OF PROCESS"**

38. Answering the unnumbered paragraph on page 7, lines 17-27 of the Complaint, defendant denies each and every allegation therein.

-5-

ANSWER BY DEFENDANT SUNNYVALE                                    Case No.: 5:07-CV-04460-JF
DEPARTMENT OF PUBLIC SAFETY

**ANSWER TO ALLEGATIONS ENTITLED "COUNT V: UNLAWFUL INTERCEPTION, DISCLOSURE, OR USE OF COMMUNICATION BY A NONGOVERNMENTAL DEFENDANT"**

39. Answering the unnumbered paragraph on page 8, lines 3-8 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

40. Answering the unnumbered paragraph on page 8, lines 9-13 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

41. Answering the unnumbered paragraph on page 8, lines 14-19 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

42. Answering the unnumbered paragraph on page 8, lines 20-21 of the Complaint, defendant denies each and every allegation therein.

43. Answering the unnumbered paragraph on page 8, lines 22-24 of the Complaint, defendant denies each and every allegation therein.

44. Answering the unnumbered paragraph on page 8, lines 25-28 of the Complaint, defendant denies each and every allegation therein.

45. Answering the unnumbered paragraph on page 9, lines 1-2 of the Complaint, defendant denies each and every allegation therein.

**ANSWER TO ALLEGATIONS ENTITLED "COUNT VI: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR CONTRACT"**

46. Answering the unnumbered paragraph on page 9, lines 4-7 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

47. Answering the unnumbered paragraph on page 9, lines 8-14 of the Complaint, defendant denies each and every allegation therein and further denies on ground of lack of information and belief with regard to conduct of other defendants to this action.

48. Answering the unnumbered paragraph on page 9, lines 15-22 of the Complaint, defendant denies each and every allegation therein and further denies on ground of lack of information and belief with regard to conduct of other defendants to this action.

49. Answering the unnumbered paragraph on page 9, lines 23-28 of the Complaint, defendant denies each and every allegation therein and further denies on ground of lack of information and belief with regard to conduct of other parties to this action.

50. Answering the unnumbered paragraph on page 10, line 1 through page 11, line 16 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

51. Answering the unnumbered paragraph on page 11, line 17-21 of the Complaint, defendant denies each and every allegation therein.

52. Answering the unnumbered paragraph on page 11, lines 22-28 of the Complaint, defendant denies each and every allegation therein and further denies on ground of lack of information and belief with regard to conduct of other parties to this action.

53. Answering the unnumbered paragraph on page 12, lines 1-6 of the Complaint, defendant denies each and every allegation therein and further denies on ground of lack of information and belief with regard to conduct of other parties to this action.

54. Answering the unnumbered paragraph on page 12, lines 7-11 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

55. Answering the unnumbered paragraph on page 12, lines 12-14 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

56. As for plaintiffs' PRAYER for damages on page 12, lines 15-21 of the Complaint, defendant denies based on both information and belief and lack of information and belief.

**ANSWER TO ALLEGATIONS ENTITLED "COUNT VII: FRAUDULENT MISREPRESENTATION AND CONCEALMENT"**

57. Answering the unnumbered paragraph on page 12, lines 23-28 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

58. Answering the unnumbered paragraph on page 13, lines 1-11 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

59. Answering the unnumbered paragraph on page 13, lines 12-15 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

60. Answering the unnumbered paragraph on page 13, lines 16-20 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

61. Answering the unnumbered paragraph on page 13, line 21 through page 14, line 2 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

62. Answering the unnumbered paragraph on page 14, lines 3-5 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

63. Answering the unnumbered paragraph on page 14, lines 6-10 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

64. Answering the unnumbered paragraph on page 14, lines 11-15 of the Complaint, defendant has no information or belief concerning the allegations in said paragraph, and on this ground, denies each and every allegation therein.

**ANSWER TO ALLEGATIONS ENTITLED "COUNT IX: CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS"**

65. Answering the unnumbered paragraph on page 14, lines 17-22 of the Complaint, defendant denies each and every allegation therein.

As for plaintiffs' PRAYER for damages, defendant denies based on both information and belief and lack of information and belief.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state facts sufficient to constitute a cause of action against this responding defendant.

**SECOND AFFIRMATIVE DEFENSE**

The damages allegedly sustained by plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than this answering defendant, including plaintiff himself. In the event that any fault of this answering defendant is found to have contributed to any such damages, plaintiff's recovery, if any, from this defendant is limited to that percentage of plaintiff's damages equal to the percentage by which this responding defendant's fault contributed to said damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his damages, and said failure proximately contributed to the events alleged in the complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver, and by all applicable federal and state statutes of limitation, including all claim filing requirements of the California Tort Claims Act.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries and damages are barred on the ground that he failed to file a claim against this public entity defendant as required by the California Tort Claims Act.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Government Code Section 815.6, as all acts and/or omissions complained of by plaintiff were reasonable and/or exercised with reasonable diligence within the meaning of said statute.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant at all times referred to in plaintiff's complaint acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Government Code Section 820.2, as all acts and/or omissions complained of by plaintiff were discretionary acts within the meaning of said statute.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily assumed the risk of injuries and damages arising out of the subject incident, and said assumption of risk acts as a complete bar to any recovery in this matter.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of any public entity claim(s) that may have been filed with responding public entity defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Penal Code Sections 833, 833.5, 834a, 835, 835a, 836, 836.5 and 840 for any police conduct/action relating to the incident complained of by plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Government Code Sections 820.4 and 820.6, as it exercised due care in the execution and enforcement of the law relative to plaintiff and/or are immune for invalid or inapplicable enactments.

ANSWER BY DEFENDANT SUNNYVALE                                Case No.: 5:07-CV-04460-JF
DEPARTMENT OF PUBLIC SAFETY

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant public entity is immune from liability pursuant to California Government Code Sections 815 and 815.2 for the acts of its employees who are immune from liability.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Government Code Section 821.6 for its employees instituting/prosecuting any and all judicial proceedings against plaintiff which relate to the subject incident.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability, pursuant to the provisions of California Government Code Sections 818.8 and 822.2, for any alleged misrepresentations made to any persons.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Penal Code Section 847 since, at the time of the subject incident, defendant's employees had reasonable cause to believe that any arrest/detention was lawful.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Sections 818.2 and 821 for failing to adopt an enactment or enforce any law, and under Government Code Sections 818.4, 818.6, 821.2 and 821.4 for any alleged improper licensing activities and/or property inspections.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Section 845 for the alleged failure to provide police protection or to provide sufficient police protection.

ANSWER BY DEFENDANT SUNNYVALE                           Case No.: 5:07-CV-04460-JF
DEPARTMENT OF PUBLIC SAFETY

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Section 821.8 for authorized trespass.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant is immune from liability under the provisions of California Government Code Section 845.4 for any alleged interference with the right of a prisoner to a judicial determination of the legality of his confinement.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant City of Sunnyvale Department of Public Safety alleges that, in the event it is found to be liable, which is expressly denied herein, defendant may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 et seq., and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant's employees including public safety officers are immune from liability under the federal doctrine of qualified good faith immunity as set forth in *Malley v. Briggs,* 475 U.S. 335 (1986), *Harlow v. Fitzgerald,* 457 U.S. 800 (1982), *Anderson v. Creighton,* 107 S.Ct. 3034 (1987) and other applicable statutory and judicial authorities.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently allege a cause of action on any federal claim for relief. Plaintiff has been denied no federally protected civil right without due process of law, since due process exists in the form of adequate remedies at law.

ANSWER BY DEFENDANT SUNNYVALE                                  Case No.: 5:07-CV-04460-JF
DEPARTMENT OF PUBLIC SAFETY

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim for any constitutional violation under 42 U.S.C. Section 1983 against defendant City. Plaintiff has no claim under the Fourth Amendment and defendant's actions were not in violation of the Fourteenth Amendment's Due Process Guaranty to all citizens.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

No municipal policy, pattern or practice caused any deprivation of plaintiff's federal civil rights, and thus under the doctrine of law announced in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and other applicable statutory and judicial authorities, plaintiffs are not entitled to judgment against this answering defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The facts alleged in plaintiff's complaint constitute an isolated act of alleged unlawful behavior which does not constitute an unconstitutional municipal policy, pattern or practice under the doctrine of law announced in *City of Oklahoma City v. Tuttle,* 471 U.S. 808 (1985) and other applicable statutory and judicial authorities.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant's alleged acts were reasonable under the doctrine set forth in *Graham v. Connor,* 108 S.Ct. 1865 (1989) and all other applicable federal and state judicial authorities.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to all remaining applicable provisions of the California Tort Claims Act and other relevant state and federal statutes, regulations and/or judicial authorities.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The communications allegedly made by defendant and/or its employees were privileged pursuant to Civil Code section 47.

WHEREFORE, defendants CITY OF SUNNYVALE and SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, sued as SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, pray that:

1. Plaintiff takes nothing by reason of his first amended complaint;

2. Defendant be awarded its costs of suit incurred herein and attorneys' fees pursuant to 42 U.S.C. Section 1988, and all other applicable federal and state statues and judicial authorities; and

3. Defendant be granted such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Defendants CITY OF SUNNYVALE and SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, sued as SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, hereby demand a jury trial.

Dated: August 31, 2007                          CITY OF SUNNYVALE

By: _____
　　/S/  Rebecca L. Moon
　　Assistant City Attorney

-15-

**PROOF OF SERVICE BY MAIL**

*James Alan Bush v. Cao, et. al.*
*Case No.: 5:07-CV-04460-JF*

I am a citizen of the United States and employed in Santa Clara County. My business address is 456 West Olive Avenue, Sunnyvale, California 94086. I am over the age of 18 years and not a party to this action.

On August 31, 2007, I served the following document(s) described as:

ANSWER TO COMPLAINT BY CITY OF SUNNYVALE AND SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, SUED AS SUNNYVALE DEPARTMENT OF PUBLIC SAFETY; DEMAND FOR JURY TRIAL

in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

James Alan Bush
3859 De La Cruz Blvd.
Santa Clara, CA 95054

[x]  (U.S. MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sunnyvale, California. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that practice is that correspondence is deposited with the United States Postal Service that same day as the day of collection in the ordinary course of business.

[]  [FACSIMILE]  By transmitting a true copy thereof by facsimile transmission from facsimile number (408) 730-7468 to the interested parties in said action at the facsimile number(s) shown above.

[ ]  [OVERNIGHT DELIVERY]  By placing a true copy thereof enclosed in a sealed envelope with delivery charges to be billed to the City of Sunnyvale, to be delivered by Federal Express Overnight Service to the address(es) shown above.

[ ]  [HAND DELIVERED]  By delivering a true copy thereof enclosed in a sealed envelope to the address(es) shown above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 31, 2007, at Sunnyvale, CA.

_____
/S/ SAM ROBERTS

ANSWER BY DEFENDANT SUNNYVALE                                      Case No.: 5:07-CV-04460-JF
DEPARTMENT OF PUBLIC SAFETY